BRUNETTI *vs.* MAYOR ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

Licenses granted to persons by the mayor of New-Orleans, in pursuance of certain ordinances, to sell fruit at stands or stalls on the levee, confer personal privileges which cease at the death of the grantee, although the period for which the license is given, has not expired.

This is an action for damages. The plaintiff alleges he is testamentary executor and universal legatee of one Tambourline, who had obtained a license from the corporation of New-Orleans, conferring on him the privilege of vending fruit on the levee and occupying a stand, for the

EASTERN DIST.
*May*, 1836.

BRUNETTI
*vs.*
MAYOR ET AL.

annual sum of fifty dollars, payable quarterly. That said Tambourline died in the beginning of May, 1834, after occupying the premises a little over four months, and that he, the plaintiff, is entitled to succeed to his privileges for the balance of the year, under said license ; but that the stand has been given to another person, under a new license, to take effect at the end of the unexpired quarter for which the deceased had it. He further alleges, that he claimed from the mayor the privilege of occupying the stand and selling fruit for the whole year, under the license granted to Tambourline, in virtue of his will as executor and universal legatee, and tendered the money at the beginning of the next quarter, but that it was refused, and his claim to the privilege rejected. He prays for a judgment for one thousand dollars in damages, which he alleges he has sustained, against the corporation and the person to whom the new license is granted.

The corporation, by its counsel, excepted to the petition, that the matters charged therein are not sufficient in law to maintain the action, and in not setting forth the demand for damages with more precision and certainty ; which exception being overruled, the defendants pleaded a general denial.

Upon this issue and the pleadings, the parties went to trial before court. The parish judge, who presided at the trial, pronounced the following judgment :

"This cause was this day argued before the court, when after duly weighing the evidence adduced, and arguments of counsel, the court considering:

"1. That the plaintiff, as universal legatee of the late Tambourline, had a right to the stand occupied by the said deceased.

"2. That the city ordinance giving to the mayor the right of removing said stands, and assigning other places for them, must be understood as giving that right to the mayor for public purposes only, and not to put another person in a place already occupied.

"3. That it does not appear from the testimony that another stand was assigned to plaintiff, in lieu of the one

formerly occupied by Tambourline, as is provided for by the aforesaid ordinance.

" 4. That the plaintiff, in this case, did not apply for any thing else but the continuation of the license owned by the late Tambourline.

" 5. That the loss occasioned to plaintiff is shown to be of fifty dollars per month, and that the plaintiff has been deprived for seven months of the privilege to which he was entitled to.

" It is, therefore, ordered, adjudged and decreed, that judgment be entered in favor of the plaintiff against the defendants for the sum of three hundred and fifty dollars, with costs of suit."

The defendants appealed.

*Roselius,* for the plaintiff.

1. This is an action against the corporation of New-Orleans, claiming damages for having illegally deprived the plaintiff of the benefits of a stall on the levee for the sale of fruit, under a license purchased by his testator for one year.

2. It is contended by the defendants, that the right conferred by the license is strictly personal, and not heritable or transmissible. The general rule is, that all rights are heritable, but there are some exceptions; this case is, however, not one of them. At all events, if this case is excepted from the general rules, it lies on the defendants to show it.

3. The evidence clearly establishes the amount of damages awarded, so that the judgment should stand.

*Eustis,* for the defendants, contended, that the licenses granted to these fruit sellers and others are merely personal and not heritable ; and that there should be judgment for the defendants.

*Martin, J.,* delivered the opinion of the court.

This was an action to render the corporation of New-Orleans responsible in damages for refusing to the plaintiff the privilege of a license to sell fruit at a stand on the levee,

which had been granted to a person now deceased, to whose
rights the plaintiff claims to have succeeded by inheritance.
He had a judgment for damages, which the defendants seek
to have reversed in this court.

It appears that the mayor is authorised and required annually to grant licenses, which authorise the grantee to sell fruit on a spot to be designated, and susceptible of being changed by an officer of the city police.

An annual sum is paid for these licenses, payable quarterly in advance. The plaintiff was allowed after the death of the incumbent to sell fruit until the end of the quarter, for which the last payment had been made by the deceased grantee.

The counsel for the defendants contends, that these licenses are personal to the grantee, and therefore not transmissible by inheritance.

The plaintiff's counsel, on the other hand, urges that they are evidence of a lease for the term for which they are granted, of the spot of ground occupied as the stand for the sale of fruit. This is the only question which the case presents.

*Licenses granted to persons by the mayor of New-Orleans, in pursuance of certain ordinances, to sell fruit at stands or stalls on the levee, confer personal privileges which cease at the death of the grantee, although the period for which the license is given has not expired.*

The necessity of applying to the chief magistrate of the city for such licenses, offers a presumption that some discretion is to be exercised as regards the person applying for them ; and in this respect they differ from a pedler's license, which is obtained from the treasurer of the state by any person paying the tax.

The obligation imposed by the ordinance on the grantees, to have their licenses ready at all times to be exhibited to the police officers, appears in some degree calculated, besides being a means to inforce payment for the use of the privilege under the license, to prevent any other person, not apparently the grantee, from being employed in selling fruit, except as agent or servant of the grantee, who is responsible for them. If these licenses may be had as matter of right, on mere application, and the mayor is without the exercise of any discretion, then the plaintiff cannot complain, if he was required to apply for a license in his own name.

EASTERN DIST.
May, 1836.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, and that there be judgment for the defendants, with costs in both courts.